IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MELISSA COINE<br><br>*Plaintiff*<br><br>vs.<br><br>MULTICULTURAL ACADEMY CHARTER SCHOOL<br>3821 N. Broad St.<br>Philadelphia, PA 19140<br><br>*Defendant* | CIVIL ACTION NO:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Melisssa Coine ("Plaintiff" or "Coine"), by and through her undersigned counsel, by way of Complaint against Defendant Multicultural Academy Charter School ("MACS" or "Defendant"), states as follows:

## NATURE OF ACTION

1. Plaintiff brings this action against Defendants for violations of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*.

2. Plaintiff was a secondary education teacher specializing in social studies and had received a good review six months prior to her termination.

3. In March 2021, Plaintiff was diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD").

4. Despite the fact that she repeatedly requested reasonable accommodation for her condition, her supervisors consistently refused to provide such accommodation and in fact refused to even engage in the iterative process required to determine if a reasonable accommodation could be found.

5. Ultimately, Defendant terminated Plaintiff and in doing so, explicitly stated that her physical and mental health were factors in said termination.

6. As a result of Defendants' unlawful conduct, Plaintiff has suffered damages in the form of lost wages and benefits as well as emotional distress.

## THE PARTIES

7. Plaintiff is an adult individual residing at 506 East Avenue, Glenside, PA. Until June 16, 2022, Plaintiff was a secondary education teacher at MACS.

8. Upon information and belief, Defendant Multicultural Academy Charter School is a Pennsylvania Non-Profit Corporation with its headquarters and principal place of business at 3821 N. Broad St., Philadelphia, PA 19140.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff asserts claims for relief under Americans with Disabilities Act.

10. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. §1391, as the events and/or omissions giving rise to Plaintiff's claims occurred in this District.

11. On or about September 22, 2022, Plaintiff filed a complaint with the Equal Employment Opportunity Commission.

12. On or about May 25, 2023, the EEOC dismissed Plaintiff's Complaint and issued a right to sue letter.

## FACTUAL BACKGROUND

13. Coine began working at Multicultural Academy Charter School ("MACS") in August 2018.

14. She was a secondary education teacher specializing in social studies.

15. Ms. Coine was on a year-to-year contract and had a good evaluation six months prior to her termination.

16. In March 2021, Ms. Coine contracted COVID-19 and was subsequently tested for and diagnosed with Attention Deficit Hyperactivity Disorder ("ADHD").

17. She promptly informed the principal, Scott Walsh, and teaching coordinator, Donna Warshaw, of her diagnosis.

18. They took no action and demanded no paperwork.

19. Ms. Coine then requested accommodation on May 16, 2022.

20. Specifically, she requested to work with the MACS special education director, Sue Ellison, to give her tactics and practices to manage ADHD.

21. It was Ellison's intent to incorporate Ms. Coine into certain projects and give her coaching.

22. Walsh and Warshaw did not discuss Coine's request and in fact, Walsh suggested that Ms. Coine find work at a cyber-school, the obvious implication being that Ms. Coine was not cut out to work at MACS.

23. Coine again requested accommodation on June 9, 2022 in a meeting with Walsh, Warshaw, and MACS CEO, James Higgins.

24. As Coine was making her request, Higgins cut her off and said she was "making up excuses so she didn't have to work so hard."

25. Higgins indicated that he did not want to renew Ms. Coine's contract.

26. The next day, June 10, 2022, Coine met with Walsh and Warshaw, where they indicated that Coine needed to improve her classroom management.

27. Coine reiterated that she was looking forward to working with Ellison to improve on that issue.

28. Then, on June 16, 2022, Walsh informed Coine that her contract with MACS would not be renewed, effectively terminating her.

29. In discussing this matter with Coine, Walsh stated that he believed that Coine's physical and mental health were at issue and would be concerned if she continued to work with MACS.

30. MACS has violated the Americans with Disabilities Act, 42 U.S.C. § 12101, in two respects.

31. First, MACS has unlawfully refused to accommodate Coine's disability by permitting her to work with the MACS special education coordinator to mitigate her ADHD.

32. Second, MACS has discriminated against Coine due to her disability and indeed, stated that she was being terminated as a result of her condition.

33. In addition to the direct harm caused by MACS' actions, Ms. Coine has suffered financially as a result of the discriminatory actions of the companies and other employees, and has suffered harm to her career path.

### COUNT I – VIOLATION OF AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.*

34. Plaintiff incorporates paragraphs 1 through 33, as if set forth in full herein.

35. As set forth above, Plaintiff repeatedly requested reasonable accommodations in the form of projects and coaching provided by Sue Ellison to manage her ADHD in order to effectively perform her duties.

36. The projects and coaching were clearly reasonable accommodations in Ellison voluntarily offered to provide these services to Plaintiff.

37. Nevertheless, the Defendant refused to provide such accommodation and instead accused Plaintiff of "making up excuses so she didn't have to work so hard."

38. In refusing to do so, Defendant have failed to provide a reasonable accommodation to Plaintiff as required under the Americans with Disabilities Act.

39. In fact, Defendant refused to even discuss the possibility of accommodations with Plaintiff, thereby refusing to engage in the iterative process required under the ADA.

40. Additionally, Defendant discriminated against Plaintiff by terminating her and effectively admitting that her physical and mental conditions were the reasons for her termination.

41. As a result of Defendant's conduct, Coine has suffered significant emotional and monetary damage.

42. At all relevant times, Higgins, Walsh, and Warshaw acted as agents of MACS, and that entity is vicariously liable for their actions.

WHEREFORE, Plaintiff, Melissa Coine, respectfully requests that the Court enter a judgment in his favor and against Defendant Multicultural Academy Charter School for direct, consequential, incidental, and punitive damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

### COUNT II – VIOLATIONS OF THE PENNSYLVANIA HUMAN RELATIONS ACT – RACE DISCRIMINATION, 43 P.S. § 955 *et seq.*

43. Plaintiff incorporates paragraphs 1 through 42, as if set forth in full herein.

44. At all times material hereto, and pursuant to the Pennsylvania Human Relations Act, an employer may not discriminate against an employee due to her disability.

45. Plaintiff is a qualified employee and person within the definition of the Pennsylvania Human Relations Act.

46. Defendant is Plaintiff's employer, and thereby subject to the strictures of the Pennsylvania Human Relations Act.

47. As set forth above, Defendant's conduct against Plaintiff constitutes disability discrimination and is therefore in violation of the Pennsylvania Human Relations Act.

48. As a result of Defendant's conduct, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits as well as emotional damage.

49. At all relevant times, Higgins, Walsh, and Warshaw acted as agents of MACS, and that entity is vicariously liable for their actions.

WHEREFORE, Plaintiff, Melissa Coine, respectfully requests that the Court enter a judgment in his favor and against Defendant Multicultural Academy Charter School for direct, consequential, incidental, and punitive damages, together with costs and attorneys' fees and such other relief that this Court deems just and equitable.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all claims so triable.

Respectfully submitted,

*/s/ Aaron L. Peskin*
Aaron L. Peskin, Esquire
Ferrara Law Group, P.C.
1 Holtec Drive, Suite G-102
Marlton, NJ 08053
Telephone: (609) 571-3738
Fax: (609) 498-7440
Attorneys for Plaintiff, Melissa Coine.

Dated: August 15, 2023

## VERIFICATION

I, Melissa Coine, hereby state that I am the Plaintiff in this matter and that the foregoing complaint is true and correct to the best of my knowledge, information, and belief. This verification is made under penalty of perjury.

*Melissa Coine*
Melissa Coine

DATED: 8/1/23